[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12251
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cr-00179-MEF-SRW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VANDRICIA DEISHON FINLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(November 6, 2012)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Vandricia Finley appeals his 188-month sentence for possession with intent to distribute 50 grams or more of crack cocaine. For the reasons that follow, we dismiss the appeal in part and affirm in part.

## I.

Finley pleaded guilty to the sole charge against him pursuant to a plea agreement, which included a waiver of Finley's right to appeal or collaterally challenge his sentence. At the change-of-plea hearing, the court explained the waiver to Finley, and Finley stated that he understood the terms of the appeal waiver. He then admitted that he possessed fifty grams or more of crack cocaine with the intent to distribute it.

At sentencing, the court determined that Finley was responsible for an amount of crack equivalent to 635,918 kilograms of marijuana and 3,038 kilograms of powder cocaine. When combined for a total of 638,957 kilograms, the amount corresponded to a base offense level of 38. After including all applicable enhancements and reductions, including a reduction for substantial assistance under U.S.S.G. § 5K1.1, the court determined the guideline range to be 188 to 235 months' imprisonment, and it sentenced Finley to 188 months' imprisonment. After the sentence was imposed, Finley stated his objection to the quantity of drugs for which he was held responsible. Finley now appeals the

2

reasonableness of his sentence and the district court's failure to apply the Fair Sentencing Act,[1] which lowered the mandatory minimum sentences – and the quantity of drugs necessary to trigger such sentences – applicable to crack cocaine offenses.

## II.

Before we reach the merits of Finley's appeal, we must first address the appeal waiver that was part of Finley's plea agreement. We review the validity of an appeal waiver *de novo*. *United States v. Bushert*, 997 F.2d 1343, 1352 (11th Cir. 1993). An appeal waiver is enforceable if it was made knowingly and voluntarily, and for this court to enforce it the government must demonstrate either that "(1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." *Id.* at 1351.

Our review of the record confirms that Finley's waiver was entered into knowingly and voluntarily. Indeed, Finley does not argue otherwise. We therefore conclude that the waiver is enforceable. Accordingly, to the extent that Finley challenges the drug quantity attributable to him or argues that his sentence

---

[1] The Fair Sentencing Act of 2010, Pub.L. No. 111-120, 124 Stat. 2372 (2010).

was otherwise unreasonable, such issues are barred by the waiver and we dismiss the appeal with respect to these issues.

But we need not reach this issue of whether the appeal waiver applies to Finley's claim that he should have been, but was not, sentenced under the Fair Sentencing Act because the government has expressly waived its right to enforce the appeal waiver with respect to that claim.[2]  Accordingly, we will address the merits of Finley's Fair Sentencing Act claim.

### III.

Finley did not object to the court's failure to apply the Fair Sentencing Act, leaving him with the more difficult plain error standard of review.  *See United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007).  To meet this standard, Finley must show an (1) error, (2) that is plain and (3) that affects substantial rights.  If all three conditions are met, an appellate court may exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1276 (internal citation omitted).

The Supreme Court has clarified that the Fair Sentencing Act applies to

---

[2]  In response to our request for supplemental briefing, the government concedes that it is not seeking to enforce the appeal waiver with respect to Finley's Fair Sentencing Act claim.

4

those defendants who, like Finley, committed their acts before but were sentenced after the Act went into effect. *Dorsey v. United States*, 132 S.Ct. 2321, 2331, 2335 (2012). We thus conclude that Finley can show an error that was plain. *See United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) ("[a]lthough the error was not 'plain' at the time of sentencing, 'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that the error be 'plain' at the time of appellate consideration.'" (quoting *Johnson v. United States*, 520 U.S. 461, 468 (1997)).

But Finley cannot show that his substantial rights were affected. Finley was held responsible for a staggering amount of drugs, placing him well above the quantities necessary to trigger the mandatory minimum sentences that were revised under the Fair Sentencing Act. *See* 21 U.S.C. § 841 (2006 & Supp. V 2012). Even if the court had applied the Fair Sentencing Act, Finley's base offense level and guideline range would not have been different. And the mandatory minimum sentences played no role in the sentence imposed. Thus, Finley cannot show that the district court's error affected his substantial rights. *See United States v. Rodriguez*, 406 F.3d 1261, 1262-63 (11th Cir. 2005) (explaining that an error affects substantial rights when it "affected the outcome of the district court proceedings" (internal quotation marks omitted)). Accordingly, we affirm

5

Finley's sentence.

**DISMISSED in part, and AFFIRMED in part.**